IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARAME A. GEORGE; CORY R. HUNTER, on their own stead and as parents with *patria potestad* and custody of their son, THE MINOR D.J.H.; SARAH HUNTER; on her own stead and as mother with *patria potestad* and custody of her son, THE MINOR Q.W.<br><br>**Plaintiffs**,<br><br>v.<br><br>JESS W. HOLT; AMANDA R. HOLT; COOPERATIVA DE SEGUROS MULTIPLES DE PUERTO RICO<br><br>**Defendants** | Civil No. 21cv1452<br><br>Personal Injury; Diversity; Jury Trial Demanded |

**COMPLAINT**

**TO THE HONORABLE COURT:**

   **COME NOW** Plaintiffs, Arame A. George, et al., by and through their undersigned counsel, respectfully state, allege and pray as follow:

**I. JURISDICTION AND VENUE**

   **1.** This Court has subject matter jurisdiction of this action pursuant to *28 U.S.C § 1332* as the amount in controversy exceeds

$75,000, exclusive of interests and costs, and plaintiff and the defendants are citizens of different states.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

### III. THE PARTIES

3. At all relevant times herein, Plaintiff, the minor D.J.H., was and still is a resident and citizen of the State of Oregon.

4. At all relevant times herein, Plaintiff, Arame A. George, was and still is a resident and citizen of the State of Oregon.

5. At all relevant times herein, Plaintiff, Cory R. Hunter, was and still is a resident and citizen of the State of Oregon.

6. Arame George and Cory Hunter are the parents with shared custody and *patria potestad* of the minor D.J.H.

7. At all relevant times herein, Plaintiff, the minor Q.W., was and still is a resident and citizen of the State of Oregon.

8. At all relevant times herein, Plaintiff, Sarah Hunter, was and still is a resident and citizen of the State of Oregon.

9. Sarah Hunter is the mother with custody and *patria potestad* of the minor Q.W. and wife of Cory Hunter.

10. At all relevant times herein, Defendant, Jess W. Holt, is a resident and citizen of Puerto Rico.

11. At all relevant times herein, Defendant, Amanda R. Holt, is a resident and citizen of Puerto Rico.

12. At all relevant times herein, Cooperativa de Seguros Multiples de Puerto Rico, was and still is an insurance company doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to all Defendants, covering all risk for injuries and accidents that Plaintiff suffered as a result of their negligence in operating the All-Terrain Vehicle as described herein.

## IV. FACTUAL ALLEGATIONS

13. This is an action for personal injuries, pain and suffering, mental anguishes, medical expenses and other damages suffered by Plaintiffs as a result of the accident that occurred on January 1, 2021, while the minor D.H., the Holts' Defendants' son, was negligently operating a 2011 Polaris RZR all-terrain vehicle ("ATV"), with his parents' consent and authorization and without adult supervision.

14. In December 2020, Jess and Amanda Holt invited the minors D.J.H. and Q.W. to a sleepover/camping party on a land lot they own in Ceiba, Puerto Rico, where they operate a bed and breakfast type of business called La Finca Dulce Vida, to

celebrate the minor's D.H.'s birthday and a New Year's Eve party.

15. Cory and Amanda Hunter had accepted the invitation and gave D.J.H. and Q.W. permission to spend the night at the Holt's land lot while under the care and custody of Jess and Amanda Holt.

16. Sarah Hunter drove D.J.H. and Q.W to the Holt's land lot on December 31, 2020, and left them under the Holt's supervision, care and custody.

17. On January 1, 2021, D.H. asked his parents, Defendants Jess and Amanda Holt, for permission to use the ATV with three friends, including Plaintiffs D.J.H. and Q.W.

18. Jess and Amanda Holt agreed and consented to the use of the ATV and gave D.H. permission to take his friends for a ride.

19. At the time, D.H. was fourteen years old and did not have a license to drive or any driving experience.

20. At the time, the seat belts on the back seats of the ATV were not working properly as they were stuck. The Holts had purchased a new set of ATV seat harnesses but had not yet installed them.

21. D.H. and the three passengers went for a ride on the ATV. D.H. started speeding and "drifting"[1] the ATV on a public road near to the Holt's land lot which had not been designated for ATV operations by the local authorities.

22. While approaching a curve on Road 978, kilometer 1.4, at high speeds and attempting to drift the ATV, D.H. lost control of the ATV while drifting, causing it to flip on its right side and falling on top of D.J.H.'s right arm as it continued to drift onto the edge of the road.

23. Q.W., who was thirteen (13) years old at the time and D.J.H.'s stepbrother, desperately tried to raise the ATV so that D.J.H. could free his arm from under the ATV.  When the kids were finally able to lift the ATV, D.J.H. was able to free his arm only to discovery that he had lost a significant amount of skin in his forearm (known as degloving of skin) leaving his forearm muscles and bones exposed and contaminated with dirt and debris.

24. D.J.H. was taken in ambulance to Centro Medico in San Juan, where he spent hours in severe pain on a hallway waiting for someone to examine him. After approximately four (4) hours of waiting, Cory and Sarah Hunter became desperate watching D.J.H. suffer with an open wound without receiving medical

---

[1] "Drifting" is the act or activity of steering an automobile so that it makes a controlled skid sideways through a turn with the front

attention and decided to take Dylan to the pediatric emergency room at Hospital Auxiluo Mutuo where he was seen by a doctor who cleaned and dressed his wound under anesthesia. They were told at Auxilio Mutuo that D.J.H. had to undergo surgery at Centro Médico and was transferred back to said hospital.

**25.** The Hunters returned to Centro Medico at around 10:00 PM only to be left waiting for another fourteen (14) hours without receiving any treatment other than X-rays and an I.V. In the meantime, the open wound was visibly becoming infected and swollen, and the agonizing pain was increasing by the minute.

**26.** The morning of January 2, 2021, Dr. Dan Akers, a friend of the Hunter family, recommended the Hunters to take Dylan to Jackson Memorial Hospital in Miami, Florida. Dr. Akers had contacted the personnel in Jackson Memorial who were waiting for Dylan to arrive.

**27.** Still with an infected open wound and exposed muscle and bone, Cory Hunter and D.J.H. flew to Miami at about 3:30 PM. Once he arrived at Jackson Memorial he was put under general anesthesia and had his wound cleaned undergoing two more surgeries.

**28.** On January 3, 2021, he underwent another surgery to further clean his wound and remove dead muscle tissue. Doctors

---

wheels pointed in a direction opposite to that of the turn.

hoped to be able to close his wound but realized he would need to undergo a skin grafting procedure[2].

28. D.J.H. remained hospitalized for a week and his parents, Cory Hunter and Arame George, spent that time with him to support him.

30. On January 8, 2021, Cory Hunter, Arame George and D.J.H. returned to Oregon, their home state.

31. On January 14, 2021, D.J.H., still with an open wound and exposed muscles and bone, was admitted at Oregon Health & Science University Hospital where he underwent the skin grafting surgery whereby a patch of skin was removed from his thigh and transplanted to his forearm.

## COUNT I - NEGLIGENCE

32. Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

33. The Holts owed a duty of care to D.J.H. to act as prudent parents, inviters, and property owners under the circumstances and to exercise due diligence to avoid foreseeable risks to its invitees and guests.

34. At all relevant times hereto, Defendants had actual knowledge, or could have or should have obtained the necessary information by reasonable inquiry and inspection to obtain such

---

[2] A skin graft is where healthy skin is removed from an unaffected area of the body and used to cover lost or damaged skin.

knowledge, of the manner danger posed by an ATV with no seatbelts operated by a minor with no driving license or experience and without adult supervision.

**35.** The negligent acts and omissions of the Holts were the direct and proximate result of Plaintiffs' injuries.

**36.** At all relevant times hereto, Defendants acted unreasonably under the prevailing circumstances.

**37.** The Holts had breached their duty of care to D.J.H., an invitee under their care and custody, by:

a. Allowing their son D.H., a fourteen-year old without a driver's license or driving experience to operate a ATV with other minor passengers;

b. Failing properly maintain the ATV;

c. Failing to install the seat-belts or safety harnesses on the ATV;

d. Failing to supervise the children while riding the ATV;

e. Failing to follow the instructions and warnings in the ATV's owners' manual;

f. Violating the applicable articles of the Puerto Rico Vehicle and Transit Act of 2000 as amended;

g. Failing to keep the ATV under proper control;

h. Operating the ATV in an unsafe and dangerous manner;

i. Allowing the ATV to be operated in an unsafe and dangerous manner;

j. Failing to use reasonable care to protect D.J.H. and Q.W. while they were passengers on the ATV;

k. Failing to properly warn Plaintiffs;

l. Operating the ATV in such a manner so as to endanger the safety and well-being of Plaintiffs;

m. Entrusting the ATV, a dangerous instrumentality, to a person who was incapable of safely and properly operating it;

n. Failing to use all available means appropriate to the prevailing circumstances to determine if a risk of injury to Plaintiffs existed;

o. In such other particulars that may be established at the trial of this action.

38. That Plaintiffs' injuries were sustained without any contributing fault or negligence on the part of Plaintiffs and were caused solely by Defendants' unsafe, illegal, and dangerous operation of the ATV and the negligent, grossly negligent, careless, willful, wanton, reckless, and strictly liable conduct of Defendants.

39. Defendants' negligent, grossly negligent, willful, wanton, reckless, and strictly liable conduct and breach of the duties and standard of care owed to Plaintiffs were the direct

and proximate cause of the incident and injuries described herein.

40. As a direct and proximate cause of Defendants' negligent, grossly negligent, careless, willful, wanton, reckless, and strictly liable conduct and breach of the duties and standard of care owed to Plaintiffs, they have suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to D.J.H.'s body, mental, emotional, and psychological damage, and loss of enjoyment of life.

## COUNT II – VICARIOUS LIABILITY

41. Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

42. Pursuant to Article 1540 of the Civil Code, parents are vicariously liable for the damages caused by the children under their custody.

43. As such, Jess and Amanda Holt are liable for the above-described negligent acts of their son D.H.

## COUNT III – STATUTORY LIABILITY

44. Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

45. The Holts, owners of the ATV, are also liable according to the PR Vehicle and Transit Act of 2000 as amended. The Act

provides in relevant part that "[t]he owner of a motor vehicle shall be liable for damages when fault or negligence is involved while operating said motor vehicle when the same is being operated by or is under the actual physical and real control of any person who, with the main purpose of operating it or having or allowing it to be operated by a third person, obtains possession thereof by express or tacit authorization of its owner." *See* PR Laws Ann 19 § 5621.

**46.** As such, Jess and Amanda Holt are liable for the above-described negligent acts of their son D.H.

### COUNT IV – PUNITIVE DAMAGES

**47.** Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

**48.** Pursuant to Article 1538 of the Civil Code, when the negligent act or omission that proximately causes injuries to a third party is a crime, a reckless act or is done with wanton disregard of the life and safety of others, the injured party shall be entitled to punitive damages in an amount not to exceed two (2) times the amount of damages suffered. *See* PR Laws Ann 31 § 10803.

**49.** The Holts' act of allowing D.H. to operate the ATV was a criminal act as it is forbidden by the PR Vehicle and Transit Act of 2000 as amended.

**50.** First, the Act also provides:

> Any person who violates the provisions of [§ 5296](n) [] **shall be guilty of a misdemeanor** and, upon conviction, shall be punished by a fine of not less than one thousand dollars ($1,000) for the unlawful use of such vehicles, nor more than five thousand dollars ($5,000) if there are aggravating circumstances due to negligence, or when due to willful negligence, the driver is implicated in an accident involving physical or property damage to another person or his property. **If the physical damage caused requires hospitalization, prolonged treatment, results in permanent damage or mutilating injury, or causes the death of one or more persons, the person shall be guilty of a felony** punishable by a fixed penalty of three (3) years.
>
> *See* PR Laws Ann 19 § 5296(p).

**51.** Also, the Act provides in relevant part that "All-terrain vehicles, mopeds, or scooters shall not be operated on state or municipal paved expressways, highways, or any other public thoroughfares." *See* PR Laws Ann 19 § 5296(n).

**52.** The accident occurred at a public road.

**53.** The Act also states that "[t]he transportation of persons under sixteen (16) years of age in an all-terrain vehicle is hereby prohibited." Id.

**54.** The Act further provides that "[t]he minimum age to operate or to be a passenger of an all-terrain vehicle that has an engine displacement greater than one hundred (100) cubic centimeters, in an authorized area, shall be sixteen (16) years." Id. The ATV involved in the accident has an engine displacement greater than 100 cubic centimeters.

**55.** The Holts violated these provisions of the Act by:

   a. Allowing D.H. to operate the ATV while under 16 years of age;

   b. Allowing D.H. to take passengers on the ATV who where under 16 years of age;

   c. Allowing D.H. to operate the ATV on a public road not designated for ATV use by local authorities.

56. Because the Defendants violated the above stated provisions of the Act, and such violations are considered a crime, they are liable to plaintiffs for punitive damages.

57. Defendants are also liable for punitive damages because their negligent acts and omissions amount to a wanton disregard of the safety of D.J.H. and Q.W.

58. The ATV owners' manual clearly and repeatedly provides that seat belts should be worn at all times.

59. The Holts knew that the seat belts on the ATV were not working properly and failed to install the new seatbelts before allowing their son to operate it with other minors and no adult supervision.

60. The Holts also allowed a fourteen-year-old boy who lacks the most basic driving skills and experience to operate a dangerous vehicle which is a felony under the laws of Puerto Rico.

**61.** Therefore, the Holts are liable to Plaintiffs for punitive damages equal to two (2) times the damages awarded to Plaintiffs.

### JURY TRIAL DEMANDED

**62.** Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiffs demand that judgment in the amount of $600,000.00 be entered against defendants for all damages claimed herein, plus an award for punitive damages in the amount of $1,200,000.00, and interest, costs, attorneys' fees, and any other remedy to which she may be entitled under law or equity.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 20th day of September 2021.

> s/ Alberto J. Castañer-Padró
> Alberto J. Castañer-Padró
> USDC 225706
> **Castañer & Cía PSC**
> MAI Center
> Marginal Kennedy
> 771 Calle 1, Ste 204
> San Juan PR 00920
> Fax 1 888 227 5728
> Tel 787 707 0802
> alberto@castanerlaw.com